IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          18-CR-4172 JAP

FERNANDO TOPETE-MADRUENO,

    Defendant.

### DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE RECOVERED FROM SAMSUNG TELEPHONE

**COMES NOW** Defendant Fernando Topete-Madrueno, by and through his legal counsel, Marshall Ray, and hereby submits this First Motion in Limine to Exclude Evidence from Samsung Telephone. The United States Opposes this Motion. Defendant expects the United States to introduce text messages and images recovered from a Samsung Cellular phone recovered during the execution of the search warrant at 9000 Zuni. The United States has been consulted and opposes this Motion. Many of the text messages are in English—a language that Defendant does not speak and long predate the allegations of this case, making them irrelevant and unfairly prejudicial. In further support of this Motion, Defendant states:

    1. On November 28, 2018, federal agents executed a search warrant at 9000 Zuni. As set forth more fully elsewhere (i.e., in Defendant's Motion to Suppress Evidence), authorities had been conducting extensive surveillance on another resident of the trailer- Bladimir Angulo, an associate in a drug trafficking organization that the Government refers to as the Samaniego-Villa Drug Trafficking Organization.

1

2. Among the items recovered was a Samsung cellular telephone.

3. In July 2019, the United States disclosed screen shots from the telephone, but not the entire contents of the telephone or a searchable file.

4. The United States believes some of the images and text messages on the telephone relate to participation in a drug trafficking organization. The full contents of the telephone, however, were not disclosed for analysis by the defense. Furthermore, although relevant dates are not always ascertainable from the images disclosed by the United States, it is apparent that the few messages potentially implicating trafficking activity are dated to August 2017—over 14 months before the execution of the warrant. Moreover, those messages are in English. Mr. Topete-Madrueno does not speak English.

5. The images disclose suggest that Mr. Topete-Madrueno certainly used the telephone, but other indication suggest his use was not exclusive.

6. Because the evidence from that Samsung telephone that the Government intends to introduce is so distant in time from the allegations in the current case, and because there are significant foundational issues and problems with analyzing the evidence, the probative value is very low—virtually non-existent. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Here the evidence does not have probative value sufficient to justify its introduction, especially in light of the questions about foundation and the meaning of the evidence.

7. Moreover, introduction of the texts and images from the telephone is inappropriate pursuant to Fed. R. Evid. 403. Rule 403 provides: "[a]lthough relevant, evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative." Fed.R.Evid. 403. In addition, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Fed.R.Evid. 403 advisory committee note.

WHEREFORE, for the foregoing reasons, Defendant Fernando Topete-Madrueno respectfully requests this Court exclude all evidence at trial derived from the Samsung smartphone disclosed, images of which were disclosed to the Defense in July 2019.

Respectfully submitted,

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 9th day of August 2019.

/s/ *electronically filed*
Marshall J. Ray