## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

       Plaintiff,

v.                                         18-CR-4172 JAP

FERNANDO TOPETE-MADRUENO,

       Defendant.


### DEFENDANT'S SECOND MOTION IN LIMINE TO PREVENT GOVERNMENT WITNESSES FROM TESTYFING REGARDING ULTIMATE ISSUES

**COMES NOW** Defendant Fernando Topete-Madrueno, by and through his legal counsel, Marshall Ray, and hereby submits this Second Motion in Limine to Prevent Government Witnesses from Testifying Regarding Ultimate Issues. Specifically, Defendant requests an order precluding the Government from introducing opinion testimony from any of their witnesses on the ultimate legal issue of intent. The United States opposes this motion. In support of this Motion, Mr. Topete-Madrueno submits the following:

### BACKGROUND

On November 28,2018, federal agents arrested Mr. Topete-Madrueno after officers executed a search warrant at the home where he had been living. In the mobile home, agents recovered suspected narcotics, a firearm, and ammunition. The Government has charged Mr. Topete-Madrueno with multiple counts of possession with intent to distribute narcotics as well as possession of a firearm in connection with the charged drug trafficking

crimes. As part of its case-in-chief, the United States will be required to prove that Mr. Martinez possessed the drugs with the intent to distribute.

## ARGUMENT

The government exceeds its bounds when it solicits testimony from its federal investigative agents about an ultimate legal issue to be decided by the jury. *See United States v. Gutierrez-Farias*, 294 F.3d 657 (5th Cir. 2002). In *Gutierrez-Farias*, the Fifth Circuit held that the district court abused its discretion in allowing the government's agent to testify that people who are hired to transport drugs have knowledge that they are transporting drugs because those directing the transport of drugs would not entrust such valuable merchandise to an unknowing or unwitting individual. *See id.* at 662. In other words, the district court erred in allowing the government's agent to testify that since most drivers know there are drugs in their vehicles, Mr. Gutierrez must have known too. *See id.* at 663. Likewise, in this case, it would be legal error for the Court to allow the government to present opinion testimony that possession of the narcotics found in the home were possessed with the intent to distribute or that because Mr. Topete-Madrueno was present in the home, he possessed the seized narcotics. This type of testimony should be excluded as it would constitute an opinion on the ultimate legal issue to be decided by the jury, i.e. whether defendant possessed the cocaine and cocaine base with the intent to distribute.

WHEREFORE, for the foregoing reasons, Defendant Fernando Topete-Madrueno respectfully requests this Court preclude the government from presenting opinion testimony on the ultimate legal issue, i.e. possession with the intent to distribute.

9.

Respectfully submitted,

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 9th day of August 2019.

/s/ *electronically filed*
Marshall J. Ray