IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              18-CR-4172 JAP

FERNANDO TOPETE-MADRUENO,

    Defendant.

## DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM SOCIAL MEDIA AND OTHER EVIDENCE CURRENTLY UNDISCLOSED

**COMES NOW** Defendant Fernando Topete-Madrueno, by and through his legal counsel, Marshall Ray, and hereby submits this Third Motion in Limine to Exclude Evidence from Social Media and Other Evidence Currently Undisclosed. The United States has been consulted and opposes this motion. At the suppression hearing held on July 31, 2019, the United States, as part of its proffer, described evidence drawn from social media and other sources that led federal agents to suspect Mr. Topete Madrueno of being a part of the Samaniego-Villa Drug Trafficking Organization. The Government has not disclosed or provided any further specifics of what that evidence is, though it has stated it intends to make a disclosure. At this time, Defendant moves for an order precluding the United States from introducing any such evidence because the relevance of the evidence is unknown, and it has not been disclosed, even though it has been in the possession of the united States since long before this case was filed. In further support of this Motion, Defendant states:

1. As of the date of the filing of this motion, Defendant does not have specific information regarding what evidence the Government was describing at the suppression hearing. No such evidence has been disclosed, and it was not relied on to obtain a search warrant of 9000 Zuni where Mr. Topete-Madrueno was residing. Defendant anticipates that the evidence is of no probative value and therefore not relevant for purposes of admissibility, given that the evidence has not been disclosed despite of the Court's ongoing discovery order. The Court should not permit the Government to rely on such evidence disclosed so close to the eve of trial.

2. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Here it is anticipated that the evidence will not have probative value sufficient to justify its introduction.

3. Moreover, the evidence is likely unfairly prejudicial pursuant to Fed. R. Evid. 403. Rule 403 provides: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative." Fed.R.Evid. 403. In addition, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Fed.R.Evid. 403 advisory committee note.

4. Finally, the failure to produce the evidence in a more timely fashion may have violated the Government's obligations under the Court's discovery order, Fed. R. Crim. P. 16, and *Brady v. Maryland*, 373 U.S. 83 (1963). Under such circumstances such evidence should be excluded.

WHEREFORE, for the foregoing reasons, Defendant Fernando Topete-Madrueno respectfully requests this Court exclude all evidence which was alluded to at the Suppression Hearing but not heretofore disclosed regarding social media and other bases for asserting that Defendant belonged to a drug trafficking organization.

Respectfully submitted,

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 9th day of August 2019.

/s/ *electronically filed*
Marshall J. Ray