# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                    Case No. 18-CR-4172 JAP

**FERNANDO TOPETE-MADRUENO**,

    Defendant.

### MEMORANDUM OPINION AND ORDER

On September 16, 2019, Defendant Fernando Topete-Madrueno filed an OPPOSED MOTION TO SEVER COUNT 5 OF THE SUPERSEDING INDICTMENT (Doc. No. 69) ("Motion") requesting that the Court order two trials on the charges against him. At the September 16, 2019 pre-trial conference, the United States opposed the Motion arguing that that Defendant has not demonstrated sufficient prejudice to warrant the expense and inconvenience of separate trials. At the hearing, Marshall Ray represented Defendant, who was present; Mark Pfizenmayer represented the United States. Having carefully considered the briefing and the controlling law, the Court will grant Defendant's Motion.

### Background

On December 19, 2018, a federal grand jury returned an indictment charging Defendant with (1) Possession with Intent to Distribute 50 Grams and More of Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), (2) Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), (3) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and (4) Possession of a Firearm in the Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* REDACTED INDICTMENT (Doc. No. 14). On August 26, 2019, a federal

grand jury returned a superseding indictment charging Defendant with (1) Possession with Intent to Distribute 50 Grams and More of Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), (2) Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), (3) Maintaining a Drug-Involved Premises in violation of 21 USC § 856(a), (4) Possession of a Firearm in the Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i), and (5) Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g) and 924.

The United States brought these charges in connection with a drug sting operation investigating the Samaniego-Villa Drug Trafficking Organization (SVDTO). *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. No. 36, pp. 3–6). The United States executed a search warrant for 9000 Zuni SE, Trailer D-23, Albuquerque, New Mexico to find evidence of any drug dealing by an alleged SVDTO operative, Bladimir Angulo. *Id.* According to the United States, agents executing the warrant found the Defendant asleep in a bed, as well as a bag of a white powdery substance and a black handgun on the nightstand next to the bed. *Id.* at 6. Their search of the remainder of the trailer "revealed distribution quantities of methamphetamine and heroin, as well as distribution paraphernalia." *Id.* Agents also found "three tinfoil balls of heroin along with documents with the defendant's name on them" in a vehicle parked outside the trailer. *Id.*

Defendant requests severance of Count 5, Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g) and 924(c), for two reasons. First, to prove Count 5, the United States will have to show that the Defendant had previously been convicted of a felony when in possession of the firearm. Motion at 5. Alternatively, the United States will have to prove Defendant's immigration status, despite the fact that this Court ordered that the United States

"must not elicit evidence or make reference to Defendant's immigration status in its case-in-chief." *See* ORDER GRANTING UNOPPOSED MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S IMMIGRATION STATUS (Doc. No. 49).

**Legal Standard**

Federal Rule of Criminal Procedure 8(a), which governs the joinder of offenses, provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). Offenses properly joined under Rule 8(a) are typically tried together. A district court, however, possesses the authority to order separate trials on separate offenses "or provide any other relief that justice requires" if joinder of the offenses "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). A defendant seeking severance of offenses carries the heavy burden of showing real prejudice from the joinder of the counts, such as "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence" on a specific count. *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013). The Tenth Circuit has acknowledged that:

> The joinder of multiple offenses in a single trial may result in prejudice to a defendant because the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged. The jury may also confuse or cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

*Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir. 1998) (internal citations omitted*); see also United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993) ("When joinder of offenses is based upon their 'same or similar character,' the prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules

against evidence of a general criminal disposition or propensity to commit crime."). At the same time, however, the Tenth Circuit has indicated that instances where spillover prejudice necessitates severance are rare. S*ee, e.g. United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992) ("The district court was not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant.").

When evaluating a Rule 14(a) challenge to the joinder of similar but unrelated charges, the district court must first weigh the risk that the joint presentation of evidence will, given the particular facts, deprive the defendant of a fair trial. *See Clark*, 717 F.3d at 818. Second, if the court is convinced that a serious risk of prejudice exists, it must then consider the appropriate remedy. A showing of prejudice under Rule 14(a) does not automatically require severance. Rule 14(a) leaves "the tailoring of any relief to the trial court's discretion." *United States v. Hill*, 786 F.3d 1254, 1273 (10th Cir. 2015). In many cases, instead of severing counts, a court may cure prejudice caused by joinder by giving a limiting instruction to the jury directing it to individually consider the evidence relevant to each count. *Id.*; *see also United States v. Tucker*, 502 F. App'x 720, 726 (10th Cir. 2012) (jury instructions cured any prejudice caused by trying crimes together because the court "directed the jury to separately consider the evidence concerning the distinct counts of the indictment and admonished the jurors to not permit their verdict concerning one count to control their verdict concerning any of the other counts of the indictment"). However, in any particular case, granting or denying a severance under Rule 14(a) "generally lies within the sound discretion of the trial court." *Hill*, 786 F.3d at 1272.

As is relevant here, courts should recognize a high risk of undue prejudice whenever joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible. *United States v. Martinez*, 2019 WL

3719073, at *3 (D.N.M. 2019). The defendant in *Martinez*, like the Defendant here, was charged under 18 U.S.C. § 922(g). The court distinguished two scenarios with these types of charges: cases where defendants stipulated to the prior felony conviction and the jury would not hear the details of that conviction, compared to cases where the government needs to introduce evidence of the prior conviction to prove its case. *Id*. For the former, a defendant will likely face no risk of prejudice since the jury needs no additional evidence about the prior conviction. *Id.* In the latter scenario, not only would this additional evidence generally be inadmissible propensity evidence, but it also raises the risk of possible prejudice that the evidence needed to prove the other charges would not carry. *Id.* at *4. The court concluded that "this poses a significant risk of prejudice against [defendant], even with the precaution of a limiting instruction, due to the risk that the jury will be unable to compartmentalize the information and consider it as to [the 922(g) count] only but disregard it as to [the other counts]." *Id.*

**Discussion**

This Court is persuaded by the reasoning set forth in *United States v. Martinez*, and will exercise its discretion to sever Count 5 of the superseding indictment. The United States' evidence with respect to Defendant's prior conviction or immigration status risks confusing or prejudicing the jury as to the other counts. The evidence bears little relevance to the drug trafficking or firearms charges and would otherwise be inadmissible to prove any of the other four counts under FED. R. EVID. 404(b)(1) ("[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion that person acted in accordance with the character."). The Defendant faces the risk that the jury may consider the prior convictions as improper propensity evidence. While a limiting instruction could potentially mitigate the effect of propensity evidence, the Court finds it more appropriate to grant severance. In short, the balance

between the risk that the jury may be unable to compartmentalize this evidence and the practical burdens of an additional trial favors severance.

In addition, the parties agreed that admission of evidence regarding Defendant's immigration status would be prejudicial. *See* ORDER GRANTING UNOPPOSED MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S IMMIGRATION STATUS (Doc. No. 49). In light of this order barring such evidence, the Court will not let the United States sidestep the agreement it previously made. Permitting the United States to bring this evidence in a separate trial preserves the United States' interest in trying the new charges without risking potential prejudice to the Defendant.

The Court concludes that this is the rare case where it is better to sever the trial on Count 5 from the trial of Counts 1–4 to prevent a potential violation of Defendant's right to a fair trial. In reaching this conclusion, the Court has considered the inconvenience and expense of holding two trials. Because the trial on Count 5 should be quick and straightforward, the Court concludes that the risk of prejudice outweighs the cost of holding separate trials.

IT IS THEREFORE ORDERED THAT:

1. Defendant's OPPOSED MOTION TO SEVER COUNT 5 OF THE SUPERSEDING INDICTMENT (Doc. No. 69) is GRANTED.

2. The Court will proceed with trial on Counts 1–4 scheduled to begin November 18, 2019.

3. The Court will issue a separate order scheduling trial on Count 5.

_____
SENIOR UNITED STATES DISTRICT JUDGE