# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                        Case No. 18-CR-4172 JAP

**FERNANDO TOPETE-MADRUENO**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 9, 2019, Defendant Fernando Topete-Madrueno filed four motions in limine to: (1) exclude evidence recovered from a Samsung telephone, *see* DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE RECOVERED FROM SAMSUNG TELEPHONE (Doc. No. 41) ("First Motion"); (2) prevent the United States' Witnesses from testifying about ultimate issues, *see* DEFENDANT'S SECOND MOTION IN LIMINE TO PREVENT GOVERNMENT WITNESSES FROM TESTYFING REGARDING ULTIMATE ISSUES (Doc. No. 42); (3) exclude evidence from social media and other evidence currently undisclosed, *see* DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM SOCIAL MEDIA AND OTHER EVIDENCE CURRENTLY UNDISCLOSED ("Third Motion"); and (4) exclude reference to Defendant's immigration status, *see* DEFENDANT'S UNOPPOSED MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S IMMIGRATION STATUS (Doc. No. 44). The same day, the United States filed two motions in limine to: (1) preclude mention of punishment, *see* THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO PUNISHMENT OR SENTENCING (Doc. No. 45); and (2) preclude mention of Defendant's state of mind, *see* THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE DEFENDANT'S STATE OF MIND

(Doc. No. 46). The United States also filed a NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b) ("404(b) Notice") (Doc. No. 47). On August 16, 2019, the Court granted DEFENDANT'S UNOPPOSED MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S IMMIGRATION STATUS (Doc. No. 44). At the September 16, 2019 pre-trial conference, Defendant withdrew DEFENDANT'S SECOND MOTION IN LIMINE TO PREVENT GOVERNMENT WITNESSES FROM TESTYFING REGARDING ULTIMATE ISSUES (Doc. No. 42). Additionally, the Court granted the United States' two motions in limine, but reserved ruling on the 404(b) Notice.

Having carefully considered the briefing and the controlling law, the Court will DENY DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE RECOVERED FROM SAMSUNG TELEPHONE, GRANT DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM SOCIAL MEDIA AND OTHER EVIDENCE CURRENTLY UNDISCLOSED, and GRANT IN PART and DENY IN PART use of the evidence listed in the United States' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b).

**Background**

On December 19, 2018, a federal grand jury returned an indictment charging Defendant with (1) possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); (2) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (3) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (4) possession of a firearm in the furtherance of a drug trafficking offense in violation of

18 U.S.C. § 924(c)(1)(A)(i). *See* REDACTED INDICTMENT (Doc. No. 14). On August 26, 2019, a federal grand jury returned a superseding indictment charging Defendant with (1) possession with intent to distribute 50 Grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and aiding and abetting under 18 U.S.C. § 2; (2) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and aiding and abetting under 18 U.S.C. § 2; (3) maintaining a drug-involved premises in violation of 21 USC § 856(a); (4) possession of a firearm in the furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924. *See* REDACTED SUPERSEDING INDICTMENT (Doc. No. 64).

The United States brought these charges in connection with a drug sting operation investigating the Samaniego-Villa Drug Trafficking Organization ("SVDTO"). *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. No. 36 at 3–6). The United States executed a search warrant for 9000 Zuni SE, Trailer D-23, Albuquerque, New Mexico to find evidence of any drug dealing by an alleged SVDTO operative, Bladimir Angulo. *Id.* According to the United States, agents executing the warrant found Defendant asleep in a bed, as well as a bag of a white powdery substance and a black handgun on the nightstand next to the bed. *Id.* at 6. The search of the remainder of the trailer "revealed distribution quantities of methamphetamine and heroin, as well as distribution paraphernalia." *Id.* Agents also found "three tinfoil balls of heroin along with documents with the defendant's name on them" in a vehicle parked outside the trailer. *Id.*

At the August 1, 2019 suppression hearing, the United States, "as part of its proffer, described evidence drawn from social media and other sources that led federal agents to suspect

3

Mr. Topete[-]Madrueno of being a part of the [SVDTO]." Third Motion at 1. At the hearing, the United States also sought to "admit evidence of other drug sales by the other occupant of the residence, and evidence seized from the home of the defendant's brother. Specifically . . . :

1. The drug distribution paraphernalia, i.e., "tools of the trade," found during the search of the house, including: digital scales, plastic bags, multiple bags of lactose, a blender with residue that appeared to be heroin, a gas mask, plastic baggies, multiple cell phones, a drug ledger, spare ammunition, and rolls of cash.
2. Evidence of drug distribution originating from the residence, specifically on July 31, 2018; August 8, 2018; and November 15, 2018.
3. Evidence of drug trafficking found on the multiple cell phones found in the house during the search, including text messages indicative of drug distribution and pictures of suspected narcotics."

404(b) Notice at 5. For clarity, the four categories of contested evidence are: (1) Defendant's social media; (2) "tools of the trade"; (3) evidence of drug distribution; and (4) various cell phone evidence. The Court will address the admissibility of each category in turn.

**Defendant's Social Media**

The Court will exclude references to Defendant's social media. Defendant challenges the relevance of this evidence given that the United States has not disclosed it. Third Motion at 2. The United States asserts that "the evidence bears directly on the key elements of the defendant's possession of the drugs found in the trailer and his intent to distribute them," *see* UNITED STATES' RESPONSE TO THE DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM SOCIAL MEDIA AND OTHER EVIDENCE CURRENTLY UNDISCLOSED (Doc. No. 53) at 1. The United States, however, also admits that it "does not intend on using any of this information at trial at this time" but "[i]f and when the United States does decide to use it, then the United States will produce it." *Id.* at 3. Despite efforts by the Court to ascertain the details of this yet-undisclosed social media evidence, the United States has provided none. Relevant evidence "has any tendency to make a fact more or less probable than it

4

would be without the evidence[,] and the fact is of consequence in determining the action." Fed. R. Evid. 401 ("Rule 401"). The United States has had ample opportunity to demonstrate how this evidence is relevant outside of bare assertions. It has failed to do so. The Court has no indication of what these social media posts reveal about Defendant's possession or intent. Accordingly, the Court agrees with Defendant that this evidence is not relevant and will exclude it from trial.

### "Tools of the Trade"

The Court will exclude admission of any "tools of the trade" or other evidence found at Defendant's brother's home, because such evidence is not relevant to Defendant's case. Evidence that Defendant's brother is involved in drug manufacturing or distribution does not make any "fact of consequence" "more or less probable" in Defendant's case-in-chief because the United States has alleged no connection between Defendant and Defendant's brother. *See* Fed. R. Evid. 401. Indeed, the United States does not allege Defendant's brother's involvement in its recitation of facts, *see* 404(b) Notice at 1–5, or any other filing of which the Court is aware. Without some connection between Defendant and his brother's activities relative to the charges, the Court will not assume any evidence of drug manufacturing or distribution at the brother's home is relevant simply because the two are brothers.

The Court will allow "tools of the trade," drug distribution paraphernalia, found at the Defendant's trailer as intrinsic evidence of either possession with intent to distribute or maintaining a drug-involved premises. "Generally speaking, intrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Parker*, 553 F.3d 1309,

5

1314 (10th Cir. 2009) (internal quotation marks and citation omitted). Items such as "Ziploc bags, [] sets of digital scales, [] rubber gloves, [] firearm[s] and ammunition . . . [are] commonly regarded as tools of the drug trade [which] suggest[] [that the defendant] was engaged in the distribution of illegal drugs." *United States v. Roach*, 582 F.3d 1192, 1206 (10th Cir. 2009) (internal quotation marks omitted). Here, drug distribution paraphernalia in Defendant's residence involves the factual circumstances of the offenses charged, namely possession with intent to distribute. The Court considers these items relevant intrinsic evidence which the United States may use in trial.

**Evidence of Drug Distribution**

The Court will allow evidence of drug sales by the other occupant of the residence on July 31, 2018, August 8, 2018, and November 15, 2018. The July and August dates correspond with the two controlled purchases between Bladimir Angulo and an undercover officer. *See* 404(b) Notice at 2–5. The November 15, 2018 date corresponds with when agents observed Mr. Angulo leaving 9000 Zuni to meet with a known drug trafficker. *Id.* at 6.

Evidence of drug sales from Defendant's residence is probative of whether Defendant aided and abetted the possession of drugs with intent to distribute. "For an aiding and abetting conviction, the Government must prove that the defendant (1) 'willfully associate[d] himself with the criminal venture' and (2) sought 'to make the venture succeed through some action of his own.'" *United States v. Rosalez*, 711 F.3d 1194, 1205 (10th Cir. 2013) (citing *United States v. Jackson*, 213 F.3d 1269, 1292 (10th Cir. 2000), *judgment vacated on other grounds* 531 U.S. 1033 (2000)). Furthermore, a jury must "find that [someone committed] all essential elements of the underlying crime." *United States v. Horton*, 847 F.2d 313, 322 (6th Cir. 1988) (citations omitted). Evidence of drug distribution by an alleged associate of Defendant in Defendant's residence makes the existence of the underlying crime "more or less probable". *See* Fed. R. Evid. 401. The existence

of the underlying crime is a fact of consequence with respect to Defendant's alleged aiding and abetting. The Court considers the evidence of drug sales by the other occupant of the 9000 Zuni trailer relevant to these charges under Rule 401.

Defendant contends that, even if relevant, this evidence risks unfair prejudice under Federal Rule of Evidence 403 ("Rule 403"). *See* DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b) ("Response to 404(b) Notice") at 3. "In determining whether evidence is properly admitted under Rule 403, we consider (1) whether the evidence was relevant, (2) whether it had the potential to unfairly prejudice the defendant, and (3) whether its probative value was substantially outweighed by the danger of unfair prejudice." *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014) (quoting *United States v. MacKay*, 715 F.3d 807, 839 (10th Cir. 2013)). Courts "favor[] admission of all relevant evidence not otherwise proscribed; thus, exclusion under this rule is 'an extraordinary remedy [that] should be used sparingly.'" *Watson*, 766 F.3d at 1241 (quoting *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011)).

With respect to relevance, Rule 403 differs from Rule 401 "in that the measurement of probative value is determined by comparing evidentiary alternatives." *Watson*, 766 F.3d at 1242 n.16 (internal quotation marks omitted). The defendant in *Watson* "[did] not advance any arguments regarding the probative value of the evidence from this angle . . . [nor did the defendant] argue that the challenged evidence was cumulative or unnecessary in light of the government's other evidence." *Id.* Similarly, Defendant here does not propose that other evidence better proves the facts alleged by the United States. Nor does Defendant attack the evidence as unnecessarily cumulative. The Court sees no other reason why this evidence is not relevant under Rule 403.

7

The Court also finds that the risk of unfair prejudice to the defendant is low. The Court measures unfair prejudice "by assessing whether the '[e]vidence . . . makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *Watson*, 766 F.3d at 1242 (quoting *MacKay,* 715 F.3d at 840). The Defendant did not offer any specific reasons why the jury's attitude towards Defendant would change as a result of hearing about another resident's drug deals from the trailer. Defendant merely recited the Rule 403 factors without explaining the prejudice or how it would be unfair. *See* Response to 404(b) Notice at 3. Without any explanation, the Court will not presume this evidence unfairly prejudices Defendant. The evidence is probative of Defendant's opportunity to aid and abet or maintain a drug-involved premises. The danger of unfair prejudice, which Defendant has not identified, does not substantially outweigh the probative value of the evidence. The Court will allow the United States to introduce the evidence of drug sales by the other occupant of the 9000 Zuni trailer.

**Cell Phone Evidence**

The Court will allow evidence from the cell phones seized from Defendant's residence. The United States offers that the phones contain text messages of Defendant engaging in drug-dealing activity from his residence in August 2017. 404(b) Notice at 7. Defendant argues that the evidence on the phones not only lacks a proper foundation connecting the phones to Defendant, but that any evidence of past drug activity would be inadmissible under Fed. R. Evid. 404(b)(1). Response to 404(b) Notice at 4–5. The United States contends that the evidence is intrinsic to the crime charged or, in the alternative, shows intent under Fed. R. Evid. 404(b)(2). 404(b) Notice at 7–8.

Federal Rule of Evidence 404 ("Rule 404") states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). The admissibility of Rule 404(b) evidence is within the sound discretion of the trial judge. *Barbieri*, 614 F.2d at 719.

"Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997). "An uncharged act is admissible as res gestae—intrinsic evidence not subject to Federal Rule of Evidence 404(b)—if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010) (internal quotation marks and citation omitted). The United States argues that all of the evidence, without distinguishing among categories, is intrinsic to the charges. The Court disagrees. "Tools of the trade" and evidence of Defendant's alleged involvement in drug deals directly relate to the conduct underlying the charges. That evidence gives a jury context to evaluate the extent to which Defendant may or may not be involved in current drug possession, manufacturing, or distribution. Cell phone evidence from August 2017 does not show any direct connection with the conduct in November 2018 underlying the charges. Accordingly, the cell phone evidence is extrinsic and subject to exclusion under Rule 404(b).

To properly admit other-act evidence, the Court applies the four-part test set out in *Huddleston v. United States,* 485 U.S. 681 (1988). *See Watson*, 766 F.3d at 1236; *see also United States v. Zamora,* 222 F.3d 756, 762 (10th Cir. 2000). "To be admissible, this test requires that . . . :

(1) the evidence was offered for a proper purpose under [Rule] 404(b); (2) the evidence was relevant under [Rule] 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under [Rule] 403; and (4) the district court, upon request, instructed the jury pursuant to [Rule] 105 to consider the evidence only for the purpose for which it was admitted." *Watson*, 766 F.3d at 1236 (quoting *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000)). Because the case has not yet reached the jury, the Court does not need to address the fourth *Huddleston* factor.

The first *Huddleston* factor requires the proponent to offer a proper purpose for the evidence. The United States maintains that the evidence is admissible to prove Defendant's intent. 404(b) Notice at 7. The Tenth Circuit "has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia,* that the defendant had the knowledge or intent necessary to commit the crimes charged." *Watson*, 766 F.3d at 1237; *see also United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013) ("the evidence of [defendant's] prior drug deals [was] relevant and admissible for a proper purpose—to show his knowledge of the drugs' presence and his intent to distribute them."); *United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005) ("This Court has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense."). Other-act evidence "may be relevant and admissible for purposes of showing knowledge or intent 'as long as the uncharged acts are similar to the charged crime and sufficiently close in time.'" *Esquivel-Rios*, 725 F.3d at 1240 (quoting *Zamora*, 222 F.3d at 762). "This similarity may be shown through physical similarity of the acts or through the 'defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.'" *United States v. Romero*, 2011 WL 1103862, at *6 (D.N.M. 2011) (internal

quotation marks omitted). The United States offers this evidence to show that Defendant had the intent to distribute drugs on multiple occasions, including in November 2018. 404(b) Notice at 7. Evidence of drug distribution a little more than a year prior suggests that Defendant's drug possession, if proven, may not simply be for personal use. *See Cherry*, 433 F.3d 698 at 701. The Court finds that the proposed purpose of this evidence is proper.

The second *Huddleston* factor requires relevance under Rule 401. As discussed above, relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Fed. R. Evid. 401. The United States alleges that Defendant used the cell phone to conduct drug-related activities in August 2017. 404(b) Notice at 7. Defendant suggests that activities fifteen months prior to arrest are too remote to be relevant. *See* First Motion at 1. The Tenth Circuit, however, does not employ a bright-line time limit on past conduct under the second *Huddleston* factor. *See Watson*, 766 F.3d at 1239 ("[O]ur holding in *Becker* regarding acts occurring four and six years prior to the crimes charged did not establish a bright-line rule for the relevance of other-acts evidence."). "Under the right circumstances, the '[s]imilarity of prior acts to the charged offense may outweigh concerns of remoteness in time.'" *Id.* (quoting *United States v. Meacham,* 115 F.3d 1488, 1495 (10th Cir. 1997)). Instead, district courts should "appl[y] a reasonableness standard and examine[] the facts and circumstances of each case." *Watson*, 766 F.3d at 1240 (quoting *United States v. Shumway*, 112 F.3d 1413, 1421 (10th Cir. 1997)). Evidence of prior drug distribution tends to make Defendant's intent to distribute again, or to aid in distribution, more probable than if Defendant has no prior distribution history at all. *See Cherry*, 433 F.3d 698 at 701. While the alleged prior conduct may have no direct connection to the conduct for which Defendant is charged, it is sufficiently similar to the charged crime and reasonably close in time to be relevant.

Fifteen months, under these circumstances, does not wipe away the similarity of the alleged past acts to the present ones. The Court finds that the evidence is relevant under Rule 401.

The third *Huddleston* factor requires that the probative value of the evidence not be substantially outweighed by its potential for unfair prejudice under Rule 403. With respect to the Rule 403's relevance requirement, Defendant has not offered any evidentiary alternatives or proposed that this evidence is unnecessarily cumulative. *See Watson*, 766 F.3d at 1242 n.16. Thus, the Defendant has not demonstrated that the evidence is irrelevant under Rule 403. Likewise, Defendant gives conclusory arguments for why this evidence would be prejudicial under Rule 403. *See* First Motion at 2 ("Moreover, introduction of the texts and images from the telephone is inappropriate pursuant to Fed. R. Evid. 403."); Response to 404(b) Notice at 3 ("The proposed evidence also presents a danger of unfair prejudice, confusion of the issues, or misleading the jury."). Defendant does not explain *how* this evidence will prejudice, mislead, or confuse the jury. The Court can find nothing remarkable about the proposed evidence that would provoke such an emotional response from the jury that they would be unable to weigh the facts before them without bias. *See Watson*, 766 F.3d at 1242. *Huddleston* requires the Court to provide a limiting instruction for other-act evidence to minimize the risk of propensity consideration. *Huddleston*, 485 U.S. at 691–92. But outside of the potential for propensity consideration, Defendant does not elaborate how else the jury would misconstrue the cell phone evidence. Accordingly, the Court concludes the evidence is not unfairly prejudicial under Rule 403. In sum, the cell phone evidence meets the requirements for admission under Rule 404(b) and *Huddleston*.

Defendant also challenges the foundation of the cell phone evidence. *See* First Motion at 2 ("The images disclose[d] suggest that Mr. Topete-Madrueno certainly used the telephone, but other indication suggest his use was not exclusive . . . because there are significant foundational

issues and problems with analyzing the evidence, the probative value is very low—virtually non-existent."). But "any doubts regarding the foundation go to the weight the jury gives the evidence, not its admissibility" *United States v. Smith*, 534 F.3d 1211, 1225 (10th Cir. 2008) (internal quotation marks omitted). "[O]nce admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." *Id.* The United States must still authenticate the text messages and other cell phone evidence. *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). Defendant will have the opportunity to attack the strength of the foundation on cross examination. The jury can then decide whether they believe Defendant used the cell phone for the purposes alleged by the United States.

**Conclusion**

The Court concludes that the "tools of the trade," evidence of drug deals from Defendant's residence, and the cell phone evidence are admissible. The Court will not admit any of Defendant's social media or evidence collected from Defendant's brother's residence because they have minimal relevance to this case.

IT IS THEREFORE ORDERED THAT:

1. DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE RECOVERED FROM SAMSUNG TELEPHONE (Doc. No. 41) is DENIED.

2. DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM SOCIAL MEDIA AND OTHER EVIDENCE CURRENTLY UNDISCLOSED (Doc. No. 43) is GRANTED.

3. To the extent consistent with this opinion, United States' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b) (Doc. No. 47) is GRANTED IN PART and DENIED IN PART.

_____
SENIOR UNITED STATES DISTRICT JUDGE